## S91A1289. NODVIN v. INVESTGUARD, LTD. et al.
### (411 SE2d 708)

CLARKE, Chief Justice.

Attorney Marvin Nodvin defended American Mini-Storage, Inc. in an action brought by Investguard, Ltd. A judgment was entered against American. American appealed, but did not post the bond necessary to obtain a supersedeas. Investguard, trying to collect its judgment, sought post-judgment discovery. It sent a notice of deposition to Nodvin. Nodvin wrote to Investguard to say that he had not been retained to represent American in post-judgment proceedings. After several letters, Investguard served a second notice of deposition on American through its registered agent. When American did not appear for the deposition, Investguard filed a motion to compel. American then retained Attorney Richard Gordon, who filed a response to the motion to compel and appeared at the hearing on the motion. Nodvin was not notified of the hearing on the motion to compel and did not appear.

The trial court granted the motion to compel and issued sanctions under OCGA § 9-11-37 (d) against American and/or Nodvin. The court based the sanctions against Nodvin on Superior Court Rule 4.3, citing the fact that Nodvin had not withdrawn from the action. Nodvin appeals.

We note first that the facts of this case do not present a situation requiring a notice of withdrawal under Superior Court Rule 4.3. Instead, the facts demonstrate that the party changed attorneys. Change of representation requires notice to the calendar clerk under Superior Court Rule 4.6. No issue regarding Rule 4.6 is raised in the pleadings or briefs.

Sanctions under OCGA § 9-11-37 (d) (1) for failure to comply with discovery requests may be imposed on "the party failing to act or the attorney advising him, or both." The attorney referred to in the rule is ordinarily the attorney advising the party at the time of the hearing on the motion to compel. This attorney receives notice of the hearing as a matter of course. Former counsel is not normally notified of a hearing on a motion to compel. However, there may be

some peculiar circumstances that make sanctions against a former attorney appropriate. We hold that whenever a party seeks sanctions under OCGA § 9-11-37 (d) against the other party's former counsel, the former counsel must be notified of the hearing on the motion to compel and must be given an opportunity to be heard.

At the time that the motion to compel was heard in this case, American was represented by Gordon, not Nodvin. Nodvin was not given notice or an opportunity to be heard. The order of sanctions against him must be vacated.

*Order of sanctions vacated as to Marvin Nodvin. Weltner, P. J., Bell, Hunt, Benham and Fletcher, JJ., concur.*

DECIDED JANUARY 9, 1992.

*Marvin P. Nodvin,* pro se.
*Sakas & Froman, Michael P. Froman,* for appellees.